TIMOTHY P. MORRILL & others *vs.* SMITH TITCOMB & others.

Mere declarations of one in possession of land, in favor of his own title, are inadmissil le

WRIT OF ENTRY. Plea, *nul disseisin.*

At the trial in the superior court, before *Vose*, J., it appeared that in 1839 David Morrill, the father of the tenants, executed a deed of the premises to Timothy P. Morrill, the father of the demandants, and continued in the possession of the premises for more than twenty years thereafter; and the only question was, whether he gained a title by adverse possession after the execution of his deed. The demandants claimed title as the heirs of said Timothy, and the tenants as the heirs of said David. The tenants called a witness to whom, for the purpose of proving that said David held the premises adversely to said Timothy P., they put these questions: " Did you ever hear David Morrill make any statement as to who owned these premises? Did you ever hear David Morrill say that he claimed the premises ? " It did not appear nor was it suggested that the declarations of David Morrill, sought to be proved, were made upon the premises; and the judge excluded the evidence.

The jury returned a verdict for the demandants, and the tenants alleged exceptions.

*C. Lamson*, for the tenants.

*S. B. Ives, Jr.*, for the demandants.

BIGELOW, C. J. The evidence which was excluded was clearly incompetent. It did not come within the recognized exceptions to the general rule by which hearsay evidence of the declarations of deceased tenants or occupants of real estate is held to be admissible on the trial of an issue of title. The questions put to the witness were not for the purpose of showing that the tenants' ancestor, when on the land, made a declaration accompanied by any act, such as pointing out a monument or existing boundary. Nor did they tend to elicit statements by him in disparagement of his apparent title, as indicated by his possession. On the contrary, the declarations of the deceased

occupant sought to be proved were in support of his own title, and in derogation of that of another person under whom the demandants now claim. We know of no principle on which such evidence can be deemed to be competent. *Bartlett* v. *Emerson,* 7 Gray, 174. *Currier* v. *Gale,* 14 Gray, 504. *Osgood* v. *Coates,* 1 Allen, 77. *Exceptions overruled.*